# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2129-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

D.C.N.,[1]

    Defendant-Appellant.

_____

Submitted March 11, 2025 – Decided May 1, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-06-2019.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

---

[1] Consistent with our opinion on defendant's direct appeal, we use initials because the charges against defendant involved incidences of domestic violence. See R. 1:38-3(d)(10).

PER CURIAM

Defendant appeals from a February 8, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends that his trial counsel was ineffective in failing to request a lesser included charge and in not requesting an English language proficiency evaluation. We reject those arguments substantially for the reasons explained by Judge Michael L. Ravin in his thorough written opinion. Accordingly, we affirm.

I.

A jury convicted defendant of second-degree burglary, N.J.S.A. 2C:18-2(a)(2); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); and a disorderly persons offense of simple assault, N.J.S.A. 2C:12-1(a)(1), as a lesser included offense of aggravated assault. He was sentenced to an aggregate term of ten years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal. We rejected his arguments and affirmed both his convictions and sentence. State v. D.C.N. (D.C.N. I), No. A-1344-18 (App. Div. Nov. 8, 2021). Thereafter, the Supreme Court denied defendant's petition for certification and his motion for reconsideration. State v. D.C.N., 251 N.J. 359 (2022) (denying petition for certification); State v. D.C.N., 252 N.J. 615 (2023) (denying motion for reconsideration).

The facts and evidence giving rise to defendant's convictions were detailed in our opinion on his direct appeal. We need not repeat all those facts and in this opinion we simply summarize the relevant facts. Defendant had been in a relationship with T.B., with whom he had an infant daughter. T.B. also has two other children.

In February 2016, defendant had come to T.B.'s home, T.B. told him to leave, but defendant entered the home. T.B. retreated to her bedroom and attempted to lock the door, but defendant pushed it open. Thereafter, he punched T.B. and showed her a knife he had strapped to his leg and told her "I came here to slash your throat and kill you."

Following the denial of defendant's direct appeal, defendant, representing himself, filed a PCR petition. He was thereafter assigned PCR counsel. On January 16, 2024, Judge Ravin, who was the judge who presided over defendant's criminal trial, heard argument on the petition. Shortly thereafter, on February 8, 2024, Judge Ravin issued a written decision and order denying defendant's petition.

II.

When a PCR court does not conduct an evidentiary hearing, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J.

3

A-2129-23

391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020). The PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). Under prong one, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Under prong two, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

III.

On this appeal, defendant makes two arguments, which he articulates as follows:

Point I – TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST AN INSTRUCTION FOR THE LESSER INCLUDED OFFENSE OF CRIMINAL TRESPASS IN LIGHT OF COUNSEL'S STRATEGY THAT PETITIONER DID NOT HAVE THE PURPOSE TO COMMIT AN OFFENSE WHEN ENTERING THE RESIDENCE AND WHERE THE EVIDENCE PROVIDED A RATIONAL BASIS TO SUPPORT AN INSTRUCTION.

Point II – THE PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL ATTORNEY FAILED TO REQUEST AN ENGLISH LANGUAGE PROFICIENCY EVALUATION OF THE PETITIONER PRIOR TO TRIAL, AND TO REQUEST AN INTERPRETER AT TRIAL.

Defendant made those same two arguments to Judge Ravin on his PCR petition. Having conducted a de novo review, we agree with Judge Ravin's analysis and rejection of defendant's arguments. In short, defendant did not establish that his trial counsel was ineffective or that he suffered any prejudice. We add two brief comments.

In his first argument, defendant contends that his trial counsel was ineffective for failing to request an instruction on criminal trespass as a lesser included offense of burglary. On his direct appeal, defendant had contended that the trial court should have charged the jury on the lesser included offense of criminal trespass. We rejected that argument, stating "[o]ur review of the

5

record reveals no rational basis permitting a jury to convict defendant of fourth-degree criminal trespass under N.J.S.A. 2C:18-3(a) instead of burglary, N.J.S.A. 2C:18-2." D.C.N. I, slip op. at 17. Consequently, defendant is now procedurally barred from arguing that he suffered any prejudice because of his trial counsel's failure to request a charge that was not supported by the record.

In his second argument, defendant contends that his trial counsel was ineffective in failing to request an English language proficiency evaluation. Judge Ravin, who oversaw the criminal trial in this matter, was well situated to evaluate and reject that argument. Moreover, we have recently affirmed the denial of a separate PCR petition that defendant filed related to separate convictions. See State v. D.C.N., No. A-0537-23 (App. Div. Feb. 27, 2025). In that appeal, defendant had made the same argument. Like Judge Ravin, the trial judge in that separate matter also found that defendant was proficient in English. Given that two separate trial judges reached the same conclusion, there is ample support for concluding that trial counsel was not ineffective in failing to request an English language proficiency evaluation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2129-23